IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cr-00173-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CORDELL BINES,

    Defendant.

---

# ORDER

---

This matter is before the Court on defendant's Motion for Writ of Mandamus, filed *pro se* on April 19, 2017. [Docket No. 71]. Mr. Bines states that his motion for a writ of mandamus is filed pursuant to 28 U.S.C. § 1651(A) and 28 U.S.C. § 1361.

The Court must liberally construe Mr. Bines' motion because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Based on the facts of this case, the Court concludes that the issuance of a writ of mandamus is inappropriate.

In his motion, Mr. Bines states that he was sentenced on October 4, 2016 to one hundred months imprisonment. Docket No. 71 at 1. During the sentencing hearing, the Court recommended:

> that the BOP house Mr. Bines, assuming that his security
> designation is appropriate for being confined in such a facility, in a
> BOP facility that's a mental health facility. I think that because of
> his extensive mental health history and because a condition he has
> been diagnosed with by the Bureau of Prisons seems to be so

> directly related to the security of correctional officers and prison
> staff, that it would be appropriate that he be under very close
> management by a whole staff of people that would be especially
> aware of his mental health conditions.

Docket No. 67 at 60.

According to Mr. Bines, prior to sentencing, on January 29, 2016, he had been diagnosed with the following psychiatric diagnoses: (1) antisocial personality disorder; (2) intermittent explosive disorder; and (3) persistent depressive disorder. Docket No. 71 at 2. Then, on October 18, 2016, just two weeks after the Court made the recommendation that Mr. Bines be housed at a BOP mental health facility, the BOP psychology services changed Mr. Bines' mental health status and removed two of the diagnoses (intermittent explosive disorder and persistent depressive disorder). According to Mr. Bines, the BOP removed those disorders from his mental health status so that it would not have to follow the judicial recommendation to house him in a mental health facility. Mr. Bines alleges that such action by the BOP constitutes deliberate indifference towards his mental health illness.

For relief, Mr. Bines asks for the court to issue a writ of mandamus directing or ordering the BOP to immediately move him to a mental health treatment facility.

The All Writs Act, 28 U.S.C. §1651(a), provides that the Court "may issue all writs necessary or appropriate in aid of [its] jurisdiction[ ]." The Act is a "residual source of authority" which can be invoked in order to issue orders necessary in order to preserve the Court's jurisdiction over a cognizable claim, but it is not an independent source of jurisdiction nor does it create substantive rights or powers. *See Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). Any writ sought under the Act must be one that is necessary to preserve the Court's existing jurisdiction or orders.

2

*Covanta Onondaga Ltd. v. Onondaga County Resource Recovery Agency*, 318 F.3d 392, 396 (2d Cir. 2003).

Here, Mr. Bines is not seeking to preserve the Court's existing jurisdiction or orders. The court recommended, but did not order, that the BOP house Mr. Bines in a mental health facility. Further, 18 U.S.C. § 3621(b) "gives primary authority to the executive branch to determine the facility where a prisoner should be placed." *United States v. Roberts*, 190 F. App'x 717, 720 (10th Cir. 2006) (citing *Prows v. Federal Bureau of Prisons*, 981 F.2d 466 (10th Cir. 1992)). Moreover, federal prisoners generally enjoy no constitutional right to placement in any particular penal institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983) (interstate transfer of state prisoner); *Meachum v. Fano*, 427 U.S. 215 (1976) (intrastate transfer of state prisoner); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983) (*Olim* and *Meachum* equally applicable in federal context). Therefore, in this case, a writ pursuant to the All Writs Act is not necessary to preserve the court's existing jurisdiction or orders.

The federal mandamus statute, 28 U.S.C. § 1361, provides that "[t]he district court shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The decision to issue mandamus relief rests within the sound discretion of the trial court. *National Wildlife Federation v. United States*, 626 F.2d 916, 923 (D.C. Cir 1980). "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a [petitioner] only if he has exhausted all other avenues of relief and only if the [respondent] owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[T]he remedy of mandamus is a

drastic one, to be invoked only in extraordinary situations." *Allied Chemical Corp. v. Daiflon*, Inc., 449 U.S. 33, 34 (1980) (per curiam) (citations omitted). To grant mandamus relief, the court must find that Petitioner has a clear right to the relief sought, that Respondent has a plainly defined and peremptory duty to perform the action in question, and that no other adequate remedy is available. *See Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988).

In this case, the extraordinary remedy of mandamus is not appropriate. Mr. Bines fails to demonstrate that he has a clear right to the relief he seeks, that the BOP has a duty to perform the act in question, and that no other adequate remedy is available. Therefore, the Motion for Writ of Mandamus will be denied.

Instead, it appears that Mr. Bines may be challenging the conditions of his confinement and seeking to assert an Eighth Amendment deliberate indifference to his serious medical needs claim. A federal prisoner can challenge the conditions of his confinement under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (2001). If Mr. Bines intends to pursue a *Bivens* action, he should initiate a new civil action, obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and pay the $400.00 filing fee or submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the court-approved form.

Additionally, the Court notes that Mr. Bines did not include his address or current place of incarceration in his motion. A review of the BOP's inmate locator website

4

indicates that Mr. Bines is currently incarcerated at the ADMAX facility in Florence, Colorado.

Accordingly, it is

**ORDERED** that Mr. Bines' Motion for Writ of Mandamus [Docket No. 71] is denied. It is further

**ORDERED** that the Clerk of Court shall mail a copy of this Order to Mr. Bines at the United States Penitentiary, ADMAX, in Florence, Colorado.

DATED: April 24, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge